UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FABRIZIO GUZZO,<br><br>       Petitioner,<br><br>   v.<br><br>ERICA ANNE HANSEN,<br>**Serve: 4223 Towers Road**<br>      **St. Charles, MO 63304**<br><br>       Respondent. | Civil Action No. |

**COMPLAINT FOR RETURN OF MINOR CHILD
TO PETITIONER AND FOR IMMEDIATE ISSUANCE OF
<u>AN ORDER TO SHOW CAUSE DIRECTED TO RESPONDENT</u>**

      Petitioner, Fabrizio Guzzo, by and through his attorneys, files this Complaint for the return of his minor child, ▆▆▆▆▆▆▆▆▆▆ age 10, who was born September 12, 2011, in Italy, and for the immediate issuance of an Order to Show Cause directed to Respondent, Erica Anne Hansen, pursuant to Articles 3 and 12 of the Hague Convention on the Civil Aspects of International Child Abduction and Section 4 of the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et. seq.*

      In support thereof, Petitioner states:

**Preamble**

      1.    This Complaint is brought pursuant to The Convention on the Civil Aspects of International Child Abduction, convened at The Hague on October 25, 1980 ("the Convention"), as implemented under United States law by the International Child Abduction Remedies Act ("ICARA"). 42 U.S.C. § 11601 et. seq. (1995). ICARA was enacted into law to address the

abduction of children and to allow petitioners to assert their rights in exigent circumstances such as are present here.

2. The remedies under the Convention are to: (1) secure the immediate return of children wrongfully removed or retained in another contracting state; and (2) to ensure that rights of custody and of access under the law of one of the contraction states are effectively respected in other contracting states. The Convention authorizes Federal District Courts to determine the merits of Petitioner's abduction claim, but not the merits of the underlying custody dispute.

### Jurisdiction

3. This Court has jurisdiction under 42 U.S.C. § 11603 (1995) because this case involves the wrongful abduction and retention within the United States of a minor child under the age of sixteen years from his habitual residence in Spain. ICARA vests concurrent jurisdiction over Hague petitions in the state and federal courts and this Court must apply the substantive law of the Convention. 42 U.S.C. § 11603(d).

### Status of the Parties and the Child

4. Petitioner, Fabrizio Guzzo, is an Italian citizen who currently resides in Sanlúcar La Mayor (Seville), Spain. Petitioner is prepared to participate in these proceedings by video conference, as required, and will travel to St. Louis, Missouri to retrieve his son to return with him to return to Spain, the habitual residence of the child.

5. Petitioner and Respondent, Erica Anne Hansen, a citizen of the United States, are the parents of ▮▮▮▮▮▮▮▮▮▮, who was born to the parties in Cosenza, Italy while they resided together there. The parties later relocated to Bollulos de la Mitación (Seville), Spain (at Calle Romero, 3) in October 2016, where they were residing when they ended their romantic relationship.

**Custody Judgments Entered in Spain**

6.     On October 1, 2019, Respondent filed a child custody and child support proceeding (known under Spanish law as a Guardianship and Custody proceeding) in the Court of First Instance and Instruction at Sanlúcar La Mayor (Seville), Spain.

7.     On May 4, 2021, the Court entered its Judgment (Exhibit #1). The Court awarded the parties joint parental authority (decision-making responsibility). Respondent was awarded guardianship (primary physical custody) of the child, and Petitioner was awarded specified and escalating periods of physical custody as detailed in the Judgment. The Judgment provided that neither parent was permitted to transfer the child outside of the Spanish territory without express consent of the other, or failing that, judicial permission. Petitioner has never consented to any transfer outside the Spanish territory and no judicial permission to transfer the child has ever been granted by any Court. In fact, as detailed herein, Respondent sought approval to transfer the child to the United States, but the Court explicitly denied her request.

8.     Petitioner, fearing that Respondent would disobey the Judgment, filed a petition on May 12, 2021, seeking the withdrawal of the child's passport and other measures related to obtaining a visa so that Respondent would be unable to abduct the child and travel to the United States. The Court denied this petition.

9.     In June 2021, Respondent filed a petition in the same Court seeking the judicial authorization of the Court to change her residence, with the child, to the United States. Respondent asserted various reasons for her request to move away from Spain to the United States, including a claim that she was required by her employment to reside here. The Court conducted an evidentiary hearing on the petition on July 22, 2021. On July 30, 2021, the Court entered its judgment (Exhibit #2) denying Respondent's request to relocate the residence of the child.

### Wrongful Retention of Child by Respondent

10. During the period from on or about July 10, 2021 until early September, 2021, Respondent failed to communicate with Petitioner concerning the child and actively prevented Petitioner from exercising his Court-ordered rights of custody with the child. Petitioner faithfully followed the procedures set out in the Judgment, including seeking the assistance of the Court-directed family therapy division and also seeking independent counseling to assist in the transition to the fully-expanded custody schedule set out in the original Judgment.

11. Eventually, in early September, 2021, Respondent advised Petitioner that she was with the child in Malaga, Spain. She instructed Petitioner that if he wanted to see his son, he could travel to Malaga to be with him. Petitioner visited his son in Malaga on the weekend of his birthday, September 11, 2021 and left to return to Seville after spending time with the child. Later, on September 15, 2021, Petitioner was notified that Respondent abducted the child and traveled with him to the United States on September 13, 2021.

12. Petitioner reported the abduction to the local police authorities in Sanlúcar La Mayor (Seville), Spain on September 17, 2021. On October 14, 2021, he filed a formal request of return to the US Central Authority, via the Spanish Central Authority and the Spanish Ministry of Justice, as envisioned by the Hague Convention on the Civil Aspects of International Child Abduction. To the best of Petitioner's knowledge, information and belief, these reports remain pending and are actively being investigated.

13. On September 22, 2021, Petitioner filed an urgent petition in the Court in Sanlúcar La Mayor (Seville) seeking review of the custody judgment as a result of Respondent's international abduction of the child. Respondent participated in these proceedings by attorney. On

October 29, 2021, the Court granted Petitioner relief as a result of Respondent's abduction of the child, and declared Respondent's abduction of the child to be illegal.

14. Under the October 29, 2021 judgment (<u>Exhibit #3</u>), custody of the child was provisionally withdrawn from Respondent and granted exclusively to Petitioner, subject to Respondent's right to exercise supervised visitation one afternoon each week for a period of three hours, to be supervised by a person trusted by Petitioner. The Court ordered that the child shall reside with his father, Petitioner, at his habitual residence in Sanlúcar La Mayor. Child support that had been payable by Petitioner to Respondent was terminated.

15. Over the ensuing weeks, Petitioner has pursued all available law enforcement options, including working with the Federal Bureau of Investigation and the local Spanish authorities to continue to pursue enforcement of the governing Judgments.

16. Upon information and belief, Respondent has knowledge of the subsequent legal proceedings in Spain through the participation of her attorney, yet she has persistently failed to comply with the Spanish judgment and has wrongfully continued in her unlawful conduct and abduction of the child residing in St. Charles, Missouri.

17. Upon information and belief, Respondent resides with the child at 4223 Towers Road, St. Charles, Missouri 63304.

**Remedies**

18. The Convention applies directly in this circumstance, as the child is under age sixteen and has been unlawfully abducted and removed from his habitual residence. Except during times when Respondent wrongfully withheld the child from Petitioner, he has exercised custody rights with respect to the child.

19.     The refusal of Respondent to return the child to his habitual residence in Sanlúcar La Mayor constitutes the breach of Petitioner's rights to exercise physical custody with the child, as he had regularly been exercising, but for Respondent's failure to comply with the Spanish Court's Judgments, at the time of the abduction by Respondent. Unless this Court takes action forthwith, the child's well-being will be further damaged by Respondent's actions. A show cause order should be issued requiring Respondent to appear forthwith before this Court with the child.

20.     Petitioner therefore requests that the Court issue an order to show cause to be served forthwith upon Respondent under which she is ordered and directed to appear before the Court promptly, with the child in her presence, for the purpose of permitting this Court to issue provisions remedies herein.

21.     Under 42 U.S.C. § 11604, this Court may remove the child from a person who has actual physical custody pursuant to the laws of the State of Missouri, which addresses the appearance of parties and the child in its adoption of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). Mo. Rev. Stat. § 452.785 (2009). This Court, acting thereunder, has the authority to order the immediate appearance of Respondent and the child together.

22.     Pending further proceedings herein, Petitioner asks the Court to take actions to ensure that Respondent does not further harm the child by removing him from this jurisdiction, including removing and taking into safekeeping the child's travel documents, passport and other related materials.

WHEREFORE, Petitioner Fabrizio Guzzo prays the Court to enter its order and judgment directing the prompt return of the child to his habitual residence in Spain to reside with Petitioner, to issue its immediate Order to prohibit the removal of the child from the jurisdiction of this Court, to issue its Order to Show Cause commanding Respondent to appear before this Court with the

child to show cause why the child should not immediately, pending further orders of the Court, be transferred to the physical custody of Petitioner, as ordered in Spain, and to grant such other and further relief as the Court deems just and proper.

Dated:  January 5, 2022

                                            Respectfully submitted,

                                          CARMODY MACDONALD P.C.

                                         By:     /s/ Ryann C. Carmody
                                                  Gerard T. Carmody, #24769MO
                                                  Ryann C. Carmody, #56831MO
                                                  120 South Central Avenue, Suite 1800
                                                  St. Louis, Missouri 63105
                                                  (314) 854-8600 Telephone
                                                  (314) 854-8660 Facsimile
                                                  gtc@carmodymacdonald.com
                                                  rcc@carmodymacdonald.com

                                          Attorney for Plaintiff, Fabrizio Guzzo